**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

| | |
|---|---|
| **ALICIA MATTHEWS,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 20-cv-2128-TLP-tmp |
| | ) |
| **FEDERAL EXPRESS CORPORATION,** | ) |
| | ) |
|     Defendant | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a motion to dismiss filed by defendant Federal Express Corporation ("FedEx") on July 22, 2020.[1] (ECF No. 20.) Plaintiff Alicia Matthews filed a *pro se* response on September 22, 2020. (ECF No. 26.) FedEx filed a reply on September 23, 2020. (ECF No. 27.) For the reasons set forth herein, the undersigned recommends that the motion to dismiss be granted.

    **I.    PROPOSED FINDINGS OF FACT**

Plaintiff Alicia Matthews initially filed a *pro se* Title VII complaint against FedEx on February 21, 2020. (ECF No. 1.) In April 2019, FedEx moved for a more definite statement, and Matthews moved

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

to amend her complaint. (ECF Nos. 14 & 15.) After the court granted leave to amend, Matthews filed an amended complaint on July 13, 2020. (ECF No. 19.) On July 22, 2020, FedEx filed the instant motion to dismiss. (ECF No. 20.)

Matthews's amended Title VII complaint asserts retaliation and hostile work environment claims against FedEx. (ECF No. 19, at 2.) According to the amended complaint, Matthews previously filed an employment discrimination suit against FedEx in 2005, which was dismissed in 2009. (Id.) On November 14, 2019, Matthews filed a charge of discrimination with the EEOC and subsequently received a right to sue letter. (Id.)

The retaliatory conduct Matthews attributes to FedEx is the denial of her application for a voluntary buy-out ("VBO"), which is a type of severance package. (Id.) Matthews applied for the VBO and received notice denying her request on April 22, 2019. (Id.) According to the amended complaint, another individual who worked with Matthews in the records department, "Ms. Dawson," applied for and was awarded the VBO. (Id. at 3.) Matthews asserts that Dawson had never filed a complaint of employment discrimination against FedEx. (Id.) The amended complaint additionally states that while FedEx generally awards VBOs based on seniority, Matthews had been with the company longer than Dawson. (Id.) Matthews claims that management at FedEx "retaliated against [her] by not acknowledging

- 2 -

her seniority." (Id.) Matthews asserts that after being denied the VBO, she asked managers Patrick Casillo and Randy DiGirolomo why Dawson had been selected to receive the VBO. (Id.) Both Casillo and DiGirolomo said they did not know who was responsible for selecting Dawson. (Id.) Matthews later reported this incident to human resources and filed a complaint with the company's legal hotline. (Id. at 6.) According to Matthews, she learned later on that the Vice President from each department selected the employee who received the VBO, based on selections by management. (Id. at 3.)

Matthews's allegations of a hostile work environment are based on events that began after she was moved to the records department on June 1, 2013. (Id. at 4.) The amended complaint provides that on an unspecified date, one of Matthews's co-workers "filed a false work violence complaint against [her]," after which Matthews told a human resources representative that she would file a complaint with the EEOC if a letter about the incident was placed in her file. (Id.) Within a month of being transferred to the records department, Matthews received a write-up from Casillo for canceling a meeting. (Id.) The complaint additionally states that Casillo allowed several "techs" to yell at Matthews about her work. (Id.) Matthews alleges that she never saw or heard techs yell at

any other data analysts about their work. (Id.) Matthews reported the incident to Casillo and to human resources. (Id.)

Matthews alleges "an incident of work place violence" that took place between her and management when she applied for a lateral position under another manager in 2015. (Id.) According to Matthews, an employee with less experience and education received the position. (Id. at 4-5.) When Matthews asked human resources why the other individual was selected, she was told the other employee was more qualified. (Id. at 5.) Matthews asserts that Casillo yelled at her about the lateral position and placed a letter in her file even though she did nothing wrong. (Id.) Matthews states that on one occasion Casillo smirked and refused to help when Matthews complained of a heavy workload. (Id.) When reporting the incident to another manager, Matthews was told that managers could delegate work as they saw fit. (Id.)

According to a report attached to the complaint, on April 26, 2019, Matthews sustained an injury to her wrist and hands when she fell down the stairs before coming into work. (ECF No. 19-1, at 12.) Matthews alleges that Casillo was non-responsive when she tried to contact him about her salary and pay while on short-term disability. (ECF No. 19, at 5.) When Matthews returned to work, she found that management had brought in an employee from another department to cover her desk instead of splitting her work between

other members of the records department. (Id. at 6.) Matthews reported to human resources that her desk had not been properly managed while she was on disability leave. (Id.) Matthews resigned from her employment with FedEx on August 15, 2019. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

**A.   Standard of Review**

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

Although courts construe *pro se* complaints liberally, "[t]he basic pleading essentials are not abrogated in *pro se* cases." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to *pro se* litigants has limits."). In other words, even *pro se* complaints must satisfy the plausibility standard. See Barnett, 414 F. App'x at 786. "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews, 2014 WL 3049906, at *3 (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)).

**B. Title VII Retaliation Claim**

Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1). "To state a claim of retaliation under Title VII, a plaintiff must allege that: (1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action

against him; and (4) the adverse action had a causal connection to the protected activity." Hood v. City of Memphis Pub. Works Div., No. 17-2869, 2018 WL 2387102, at *5 (W.D. Tenn. Jan. 8, 2018) (citing Morris v. Oldham Cty. Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000)). "[T]here are two types of 'protected activity' for purposes of a Title VII retaliation claim: (1) 'oppos[ing] any practice made an unlawful employment practice' by Title VII, and (2) making a charge, testifying, assisting, or participating in an 'investigation, proceeding, or hearing' under Title VII." Id. (quoting 42 U.S.C. § 2000e-3(a)). Matthews alleges two instances of engaging in protected activity, the first being her filing of an employment discrimination suit against FedEx in 2005 and the second being her filing of an EEOC charge against FedEx on November 11, 2019. (ECF No. 19, at 2.) The latter activity cannot serve as the basis for Matthews's retaliation claim because the retaliatory conduct she alleges – being denied the VBO - occurred on April 22, 2019, well before she filed the EEOC charge. (Id.)

Assuming *arguendo* that being denied the VBO qualifies as the type of adverse action Title VII proscribes, the complaint fails to state a retaliation claim because the allegations do not plausibly establish a causal link between the challenged conduct and protected activity. The temporal gap between Matthews's protected activity and the challenged conduct spans fourteen

years, from Matthews filing suit in 2005 to FedEx denying her VBO application in 2019. Matthews argues that the gap was shorter because her employment discrimination suit was dismissed in 2009. Even if the court were to accept Matthews's argument, the gap in time still spans ten years.[2] The temporal proximity of Matthews's protected activity to the conduct she attributes to FedEx does not permit an inference of causation – the challenged conduct is simply too far removed. See Terry v. Memphis Housing Authority, 422 F. Supp. 2d 917, 923 (W.D. Tenn. 2006) (collecting cases). Moreover, none of the allegations in the complaint explain this lengthy gap or are sufficient to permit an inference of causation in spite of it. See George v. Youngstown State Univ., 966 F.3d 446, 460 (6th Cir. 2020). Because the causal chain between the events described in the complaint is too attenuated to plausibly establish causation, it is recommended that Matthews's retaliation claim be dismissed.

**C. Title VII Hostile Work Environment Claim**

According to the motion to dismiss, Matthews failed to exhaust

---

[2]While Matthews includes additional allegations in her response to the motion to dismiss, the court's analysis on a Rule 12(b)(6) motion to dismiss is confined to the allegations contained in the complaint. See Koshani v. Barton, No. 3:17-CV-265, 2018 U.S. Dist. LEXIS 107565, 2018 WL 3150345, at *3 (E.D. Tenn. June 27, 2018) ("On a Rule 12(b)(6) motion to dismiss, the Court normally has to confine its analysis to the allegations within the four corners of the complaint.").

her administrative remedies regarding her hostile work environment claim. (ECF No. 20, at 2.) The failure to exhaust administrative remedies is a basis for dismissal of Title VII claims. Russ v. Memphis Light Gas & Water, 720 F. App'x 229, 236 (6th Cir. 2017). "To exhaust, an employee must file a charge of discrimination with the EEOC that includes all claims the employee intends to bring in district court." Id. (citing Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010)). "Only claims that are included in the charge or are 'reasonably related to or grow out of the factual allegations in the EEOC charge' may be heard in federal court." Id. (quoting Younis, 610 F.3d at 361-62).

Matthews's EEOC charge, filed on November 14, 2019, alleged race discrimination, retaliation, and discrimination based on disability.[3] (ECF No. 9, at 2.) Because Matthews did not expressly include a hostile work environment claim in her EEOC charge, "her charge could only exhaust administrative remedies for a hostile-work-environment claim if such a claim was reasonably related to or could have grown out of the factual allegations in the charge." Russ, 720 F. App'x 229, 238 (citing Younis, 610 F.3d at

---

[3]Matthews filed her November 2019 EEOC charge with the court on March 6, 2019, as an attachment to the original complaint. (ECF No. 9.) Because the amended complaint incorporates by reference this EEOC charge, the court may consider it in resolving this motion to dismiss. See Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001).

362). "[F]or a hostile-work-environment claim to be reasonably related to or grow out of an employee's charge, the charge must allege more than isolated discrete acts of discrimination." Id. The factual allegations in Matthews's EEOC charge relate only to FedEx denying her application for the VBO. (ECF No. 9, at 2.) These allegations, which pertain to a single event of alleged retaliation, do not reasonably relate or give rise to a hostile work environment claim. See id. Accordingly, Matthews's hostile work environment claim should be dismissed for failure to exhaust.

Even if Matthews had exhausted the administrative remedies available to her, the amended complaint would nevertheless fail to state a Title VII hostile work environment claim. "An employee asserting a violation of Title VII based upon a hostile work environment must establish that (1) she was a member of a protected group, (2) she was subjected to unwelcome harassment, (3) the harassment was based upon the employee's protected status, such as race or gender, (4) the harassment affected a term, condition, or privilege of employment, and (5) the defendant knew or should have known about the harassing conduct but failed to take any corrective or preventive actions." Howard v. Bd. of Educ., 70 F. App'x 272, 281 (6th Cir. 2003) (citing Williams v. Gen. Motors Corp., 187 F.3d 553, 560-61 (6th Cir. 1999); Moore v. KUKA Welding Sys. & Robot. Corp., 171 F.3d 1073, 1078-79 (6th Cir. 1999); Farmer v.

Cleveland Pub. Power, 295 F.3d 593, 604-05 (6th Cir. 2002)).

To invoke Title VII protections, the "protected group" in which a plaintiff alleges membership must be one protected by Title VII. Id. at 282; see also Russ, 720 F. App'x 229, 236-37 ("Title VII only protects against discrimination on the basis of certain traits, namely 'race, color, religion, sex, or national origin.'" (quoting 42 U.S.C. § 2000e-2(a)(1)); Hood, 2018 WL 2387102, at *3 ("Title VII does not protect against a generally abusive working environment."). While the amended complaint does not specify the protected group on which Matthews bases her Title VII claims, she argues in her response that she satisfied the protected class requirement by alleging a disability. (ECF No. 26, at 5.) Title VII, however, does not extend to disability claims.[4] Clark v. City of Dublin, 178 F. App'x 522, 524 (6th Cir. 2006); see also Russ,

---

[4] In the amended complaint and in response to the motion to dismiss, Matthews references only Title VII, providing no mention of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., or any other statutory basis for her claims. Yet, even if Matthews had asserted a hostile work environment under the ADA, the amended complaint would fail to state a claim because Matthews does not allege that she was subjected to any harassment based on her disability. See Russ, 720 F. App'x 229, 238 n.2 ("[T]he elements of a hostile-work-environment claim are the same whether brought under the ADA or Title VII.") (citing Trepka v. Bd. of Educ. of the Cleveland City Sch. Dist., 28 F. App'x 455, 460-61 (6th Cir. 2002)). Indeed, Matthews's disability cannot serve as the basis for her hostile work environment claim because, while Matthews alleges that the hostile work environment began in 2013, her disability did not begin until April 26, 2019. (ECF No. 19-1, at 12.)

720 F. App'x 229, 236-37. To the extent that Matthews intends to base her hostile work environment claim on race, gender, or membership in some other protected group, the amended complaint similarly fails to state a claim because it includes no allegations whatsoever that Matthews was subjected to any harassment based on her membership in any group protected by Title VII. See Howard, 70 F. App'x at 282. For this additional reason, plaintiff's Title VII hostile work environment claim should be dismissed.

### III. RECOMMENDATION

Based on the above, it is recommended that the motion to dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 4, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**