IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALICIA MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02128-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| FEDEX EXPRESS, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant FedEx Express's motion to dismiss Plaintiff Alicia Matthew's complaint for failure to state a claim. (ECF No. 32.) Plaintiff objected to the R&R[1] (ECF No. 35), and Defendant responded to Plaintiff's objections. (ECF No. 36.) For the reasons below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R. The Court therefore **GRANTS** Defendant's motion to dismiss (ECF No. 20) and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

**THE REPORT AND RECOMMENDATION**

**I.   Case History**

In the R&R, the Magistrate Court thoroughly outlined the history of this matter. (*See* ECF No. 32.)  Here are the facts.  Plaintiff sued pro se under Title VII, bringing retaliation and hostile work environment claims against Defendant. (ECF No. 19 at PageID 66.)

---

[1] Plaintiff moves for an extension of time to respond to the R&R. (ECF No. 33.)  The Court **GRANTS** the motion and finds that she timely responded.

Plaintiff sued Defendant for employment discrimination in 2005 but continued to work there. (*Id.*) She now claims that Defendant retaliated against her because of that lawsuit, a protected activity. (*Id.*) The retaliatory conduct occurred in 2019 when Plaintiff applied for a voluntary buy-out ("VBO"). [2] (*Id.* at PageID 66–67.) Defendant denied her application for a VBO package but granted one for another employee in Plaintiff's department, Ms. Dawson. (*Id.*) Plaintiff claims that Defendant should have given her the VBO package instead, because she had more seniority than Ms. Dawson. (*Id.* at PageID 67.) And so, she suggests that Defendant gave Ms. Dawson the VBO package instead of her because Ms. Dawson had never sued Defendant for employment discrimination. (*Id.*)

Plaintiff also alleges that she began experiencing a hostile work environment in 2013 after Defendant moved her to the records department. (*Id.* at PageID 68.) She claims that a co-worker "filed a false work violence complaint against" her; her manager, Mr. Casillo, gave her a write-up for canceling a meeting; and Mr. Casillo allowed several "techs" to yell at her about her work. (*Id.*)

She further alleges that "an incident of workplace violence" occurred when she applied for a lateral position under a different manager in 2015. (*Id.* at PageID 68–69.) Defendant gave the job to another employee, even though Plaintiff allegedly had more experience and education. (*Id.*) After applying for this position, Mr. Casillo "yelled at plaintiff at the top of his voice," and when she tried to leave her desk, Mr. Casillo "reached at plaintiff and said that plaintiff better not leave." (*Id.* at PageID 69.) Mr. Casillo also placed a letter in her file even though she did nothing wrong. (*Id.*) She then alleges that "[w]hile there are other incidents of yelling and workplace violence, the hostile environment and abuse continued." (*Id.*)

---

[2] A VBO is a type of severance package. (ECF No. 32 at PageID 165.)

The next incident Plaintiff mentions occurred in April 2019.  Plaintiff asked Mr. Casillo if she could adjust her workload because some co-workers were looking for work.  (*Id.*)  Mr. Casillo smirked at her and refused to help.  (*Id.*)  A few days later, Plaintiff fell down the stairs before coming to work and injured her hands and wrist.  (ECF No. 19-1 at Page ID 85.)  But when she tried to contact Mr. Casillo about her salary and pay while on short-term disability, he never responded to her calls.  (ECF No. 19 at PageID 69.)

Upon returning to work, Plaintiff discovered that, rather than divide her work between other members of the records department, Defendant had brought in an employee from another department to cover her desk.  (*Id.* at PageID 70.)  Plaintiff claims that she could not continue to work if the "fleets were not managed properly."  (*Id.*)  And so, she resigned from her employment with Defendant in August 2019.  (*Id.*)  A few months later, Plaintiff filed a charge of discrimination with the EEOC.  (ECF No. 19 at PageID 66.)

## II.    The Magistrate Court's Analysis

The Magistrate Court explained that, to state a claim for retaliation under Title VII, a plaintiff must allege that "(1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against him; and (4) the adverse action had a causal connection to the protected activity."  *Hood v. City of Memphis Pub. Works Div.*, No. 17-2869-SHM-dkv, 2018 WL 2387102, at *5 (W.D. Tenn. Jan. 8, 2018) (citing *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir. 2000)).  And protected activity includes "making a charge, testifying, assisting, or participating in an 'investigation, proceeding, or hearing' under Title VII."  *Id.* (quoting 42 U.S.C. § 2000e-3(a)).

Plaintiff alleges that she engaged in protected activity by (1) suing Defendant for employment discrimination in 2005, and (2) filing a charge with the EEOC in November 2019. (ECF No. 19 at PageID 66.)  But the Magistrate Court found that Plaintiff failed to allege a causal connection between Defendant's conduct and any protected activity.  (ECF No. 32 at PageID 170.)  First, the Magistrate Court found that the November 2019 EEOC charge "cannot serve as the basis for Matthews's retaliation claim because the retaliatory conduct she alleges—being denied the VBO—occurred on April 22, 2019, well before she filed the EEOC charge." (*Id.*)  And second, the Magistrate Court found that Plaintiff failed to establish a causal link between her 2005 lawsuit and the VBO denial, because "[t]he temporal gap between Matthews' protected activity and the challenged conduct spans fourteen years."[3]  (*Id.* at PageID 171); *see Terry v. Memphis Hous. Auth.*, 422 F. Supp. 2d 917, 923 (W.D. Tenn. 2006) (collecting cases). This means that, because "the challenged conduct is simply too far removed" from Plaintiff's protected activity, she failed to establish an inference of causation.  (*Id.*)

As to Plaintiff's Title VII hostile work environment claim, the Magistrate Court found that Plaintiff failed to exhaust her administrative remedies because she did not include a hostile work environment claim in her EEOC charge.  (*Id.* at PageID 172); *see Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 236 (6th Cir. 2017) ("To exhaust, an employee must file a charge of discrimination with the EEOC that includes all claims the employee intends to bring in district court.")  The Magistrate Court further found that a hostile work environment claim was not reasonably related to Plaintiff's charge either, because the allegations in her charge focused

---

[3] Plaintiff argued that the temporal gap was shorter because the court did not dismiss her employment discrimination suit until 2009.  But the Magistrate Court noted that, "[e]ven if the Court were to accept Matthews' argument, the gap in time still spans ten years."  (ECF No. 32 at PageID 171.)

on a single event of alleged retaliation—the VBO denial.  (*Id.* at PageID 173); *see Russ*, 720 F. App'x at 238; *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).

The rule of thumb is this, "for a hostile-work-environment claim to be reasonably related to or grow out of an employee's charge, the charge must allege more than isolated discrete acts of discrimination."  *Russ*, 720 F. App'x at 238.  "[A] plaintiff must present evidence of harassment that 'unreasonably interferes with his work performance and creates an objectively intimidating, hostile, or offensive work environment.'"  *See Younis*, 610 F.3d at 362 (quoting *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008) (alterations adopted)).  "Because this standard requires an employer's discriminatory conduct to be pervasive, allegations in an EEOC charge of only an isolated and discrete act or acts are insufficient to provide notice of— and thus to exhaust administrative remedies for—such a claim."  *Russ*, 720 F. App'x at 238.

What is more, even if Plaintiff exhausted her administrative remedies, the Magistrate Court found that she still failed to state a claim for relief.  (*Id.* at PageID 173.)  This is because Plaintiff's amended complaint does not allege that she is a member of a protected group.  (*Id.* at PageID 174); *see Howard v. Bd. of Educ. of Memphis City Schs.*, 70 F. App'x 272, 281 (6th Cir. 2003) (citing *Farmer v. Cleveland Pub. Power*, 295 F.3d 593, 604–05 (6th Cir. 2002), *abrogated on other grounds by White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 240 (6th Cir. 2005)) (finding that a plaintiff bringing a Title VII hostile work environment claim must be a member of a protected group).  As a result, the Magistrate Court recommended that this Court grant Defendant's motion to dismiss.  (ECF No. 32 at PageID 175.)

## DISPOSITION

The Court has to review de novo "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After this review process, the Court "may

5

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to the entirety of a Magistrate Court's report "has the same effects as would a failure to object"). Also a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Plaintiff here objected to the R&R. (ECF No. 35.) But her objection is general and identifies no specific issues. Indeed, Plaintiff only references the Magistrate Court's R&R once, stating that she "object[s] to the dismissal because plaintiff has stated a claim which relief can be granted." (ECF No. 35 at PageID 180.) And rather than discuss the Magistrate Court's decision, Plaintiff spends the rest of her objection restating the facts of her amended complaint and adding new factual allegations. (*Id.* at PageID 180–88.) She also adds references to the Americans with Disabilities Act ("ADA") and restates the legal standards for a motion to dismiss and for alleging

6

a Title VII claim.  (*Id.* at PageID 188–92.)  In the end, Plaintiff's objection does not address why the Magistrate Court recommended dismissal or why she objects to that conclusion .

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380).  Plaintiff is, in effect, asking this Court to review de novo every matter involved in the R&R, without regard to specific issues or concerns.  As in *Slater* this is equivalent to a failure to object to the R&R.

The district court need not review de novo all aspects of an R&R when the party fails to object properly to it.  To do so would duplicate the efforts of the Magistrate Court and render such R&R useless.  *Hastings*, 2019 WL 3782198, at *1.  As a result, the Court finds Plaintiff has not properly objected to the Magistrate Court's findings.  And because Plaintiff has failed to object properly to the R&R, the Court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation.  Fed. R. Civ. P. 72(b) advisory committee notes.  Having reviewed the R&R and the record here, the Court finds no clear error on the face of the record.

What is more, Plaintiff did not allege an ADA claim in her complaint or her response to Defendant's motion to dismiss.  (ECF Nos. 19 & 25.)  Because Plaintiff's amended complaint did not allege a claim under the ADA, and because she did not properly put the issue before the Magistrate Court, the Court considers it a new contention and an inappropriate consideration here.[4]  *See Murr*, 200 F.3d at 902 n.1.

---

[4] The Magistrate Court noted that, even if Plaintiff had asserted a hostile work environment claim under the ADA, the amended complaint failed to state a claim because she does not allege that Defendant harassed her based on her disability. (*See* ECF No. 32 at PageID 174 n.4.)  The Court agrees.

That said, having reviewed the record and the R&R, the Court agrees with the Magistrate Court's assessment. Plaintiff fails to allege a causal connection between her 2005 lawsuit and the VBO denial. Plaintiff filed that lawsuit in 2005, and the court dismissed it in 2009. (*See* ECF 25 at PageID 115.) So, at best, ten years passed between the protected activity and the adverse action here. That is too long to show a causal connection.[5] *See Terry*, 422 F. Supp. 2d at 923.

Plaintiff also failed to exhaust her administrative remedies for her hostile work environment claim. To allege a hostile work environment claim, a plaintiff "must present evidence of harassment that unreasonably interferes with his work performance and creates an objectively intimidating, hostile, or offensive work environment." *Younis*, 610 F.3d at 362 (internal quotations & alteration omitted). And the Sixth Circuit has found that an EEOC filing that "cited only discrete acts of alleged discrimination" failed to meet this standard. *Id.*

As the Magistrate Court explained, the allegations in Plaintiff's EEOC charge only relate to Defendant denying her VBO request. (*See* ECF No. 9 at PageID 18.) Plaintiff also includes in her EEOC charge that, after she filed a charge in 2005, she "made additional protected complaints of discrimination and harassment." (*Id.*) But this was not enough to put the EEOC on notice of her hostile work environment claim.

If a plaintiff wants to recover for claims that she omitted from the EEOC charge, the omitted claims must relate to or arise from those claims that Plaintiff did include in the charge. *Russ*, 720 F. App'x at 236. "The claim must grow out of the [EEOC's] investigation or the facts

---

[5] In her objection to the Magistrate Court's order, Plaintiff claims that Defendant also retaliated against her by not paying her the correct salary while she was on disability leave. (ECF No. 35 at PageID 182.) But she cannot establish a causal connection here, either, because Plaintiff took this disability leave ten years after her 2005 lawsuit.

8

alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000). And here, the Court finds that Plaintiff's generalized statement about making complaints of discrimination and harassment would not have prompted the EEOC to investigate a hostile work environment claim or put Defendant on notice of that allegation. Plus, even if Plaintiff exhausted her administrative remedies, her amended complaint does not allege that Defendant discriminated against her on the basis of race, color, religion, sex, or national origin.[6] *See Russ*, 720 F. App'x at 236–37 ("Title VII only protects against discrimination on the basis of certain traits, namely race, color, religion, sex, or national origin" (internal quotations omitted)).

All in all, the Magistrate Court's R&R contained no clear errors, and even reviewing the report de novo, the Court agrees with all of the Magistrate Court's findings.

## **CONCLUSION**

For all the above reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 35), and **ADOPTS** the R&R (ECF No. 32). The Court therefore **GRANTS** Defendant's motion to dismiss (ECF No. 20) and **DISMISSES WITH PREJUDICE** Plaintiff's claims.

**SO ORDERED**, this 2nd day of February, 2021.

                                                    s/Thomas L. Parker
                                                    THOMAS L. PARKER
                                                    UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's objection to the Magistrate Court's order adds several new allegations of harassment. But none of these new allegations establish that Defendant harassed her based on her protected status. In fact, her only reference to a protected status is when she claims that Defendant's employees harassed her "based upon the employee's protected status, such as race." (ECF No. 35 at PageID 185.) But this vague and general allegation is the first time Defendant mentions her race at all. The Court therefore finds that Plaintiff has not established that Defendant's employees harassed her because of her membership in a protected group.